IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| TOWHAUL CORPORATION, a Montana Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>BIRRANA ENGINEERING PTY. LTD., and MINE RANGER PTY. LTD. f/k/a TOWHAUL AUSTRALASIA PTY. LTD.,<br><br>    Defendants. | CV-06-35-BU-RFC-CSO<br><br><br>**ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

  Pending before the Court are:

  (1) Defendants Birrana Engineering Pty. Ltd. and Mine Ranger Pty. Ltd. f/k/a TowHaul Australasia Pty. Ltd.'s (hereafter "Defendants") Motion to Dismiss for Lack of Personal Jurisdiction (*Court's Doc. No. 6*);

  (2) Plaintiff TowHaul Corporation's ("TowHaul") Motion for Leave to File First Amended Complaint (*Court's Doc. No. 21*); and

  (3) Defendants' Motion to Continue the Jurisdiction Hearing Set for March 28, 2007 (*Court's Doc. No. 25*).

Having considered the issues presented by the parties, together with their submissions in support of their respective arguments, the Court is prepared to rule.[1]

---

[1] By Order dated January 25, 2007, United States District Judge Richard F. Cebull referred this case to the undersigned for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) including

-1-

I.   **TOWHAUL'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Pursuant to Rules 15(a) and 20(a),[2] TowHaul seeks leave from this Court to file its First Amended Complaint to add individual Defendants John Allison, Peter French, Chris Loveless, Dale Mutton, and Defendant Does 1 to 10.  TowHaul also wants to "make other minor changes for accuracy and clarity."

Specifically, under Rule 20(a), TowHaul argues that its proposed amended complaint against all Defendants arises out of the same series of occurrences.  TowHaul contends that its causes of action against the Defendants, including the newly named individuals, raise questions of law and fact that are common to all named parties.  *TowHaul's Brief* at 3.

TowHaul further asserts that its proposed amended complaint "is virtually identical to the original Complaint. . . . [and] has been edited to assert, where appropriate, claims against Defendants collectively or Defendants individually, rather than just Birrana and TowHaul Australasia, along with other minor edits for the purpose of factual clarity."  Id. at 4.  It contends that each newly identified individual Defendant is directly involved to some degree with the ownership and/or operation of Defendants' businesses.  Id.  Thus, TowHaul argues

---

submission of proposed findings and recommendations.  See *Court's Doc. No. 20*.

   [2] All references to Rules herein are to the Federal Rules of Civil Procedure unless otherwise indicated.

that no "substantial additional burden" will be placed upon the Defendants because the individual Defendants have already been identified as necessary party witnesses. Id. It further asserts that discovery has not commenced, nor has a schedule been put in place, thus the amendment would not present any delay. Id. at 4-5.

In response, Defendants contend that TowHaul's motion does not properly address personal jurisdiction over the proposed new Defendants. *Def.s' Response Brief* (*Court's Doc. No. 27*) at 2-4. They assert that the amendment is "futile" because the Court does not have jurisdiction. Id. at 4. Defendants also argue that TowHaul failed to raise any facts that establish personal liability on behalf of the new Defendants. Id. They contend that "[w]ithout alleging facts supporting a valid theory of liability, [TowHaul's] amendment fails to state a claim or right to relief against the individual Defendants and, therefore, must be denied." Id. at 5. Finally, Defendants assert that they will suffer prejudice if the amendment is allowed. Id. at 5-6.

**A.    STANDARD OF REVIEW**

The Federal Rules provide that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This general rule is to be applied with "extraordinary liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). "In assessing whether leave to amend

is proper, courts consider 'the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment.'" Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001) (quoting Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989)).  These factors, however, "are not to be understood rigidly or applied mechanically; courts are instead counseled to 'examine each case on its facts' and gauge the propriety of granting leave to amend accordingly."  SAES Getters S.p.A. v. Aeronex, Inc., 219 F.Supp.2d 1081, 1086 (S.D. Cal. 2002) (quoting *Wright & Miller*, *Fed. Practice & Proc.: Civil 2d § 1430*).

Pursuant to Rule 20(a) any person may be joined as a Defendant if: (1) a right to relief is asserted by or against them jointly, severally, or in the alternative; (2) the right to relief arises out of the same transaction or series of transactions; and (3) there is at least one question of law or fact common to all parties joined. Fed. R. Civ. P. 20(a).  The requirements governing permissive joinder are construed liberally in order to promote trial convenience and to expedite final determination of disputes.  League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). "'Under the rules, the impulse is toward entertaining the

broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" Id. (quoting United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966)).

The Court finds that TowHaul has acted in good faith, and has shown good cause for seeking leave to amend its complaint. Defendants have failed to bear their burden in showing that TowHaul's amendment should not be granted.

**B.   DISCUSSION**

**1.   Joinder**

It is clear that claims are asserted against the Defendants jointly, severally, or in the alternative. See e.g., *TowHaul's Brief* at Ex. A, ¶¶ 64, 71, 78, 85, 95, 103, 114, 133, & 134.  It is further clear that the right to relief asserted by TowHaul against all Defendants is related to or arises out of the same occurrence and that questions of law or fact are common to all parties. Compare *Plf.'s Compl.* with *TowHaul's Brief* at Ex. A. Thus, the Court finds that TowHaul properly seeks to join the four individual Defendants under Rule 20(a).

**2.   Futility**

Leave to amend may be denied if the proposed amendment is futile and would be subject to dismissal. Saul v. U.S., 928 F.2d 829, 843 (9th Cir. 1991).  Defendants argue that TowHaul failed to bear its burden of establishing personal jurisdiction over the

-5-

proposed new Defendants. Thus, they contend that TowHaul's amendment is futile, and should be denied. *Def.s' Response Brief* at 4. The Court cannot find at this stage of the proceedings that TowHaul's motion is futile.

Ordinarily, courts do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend. Challenges to the pleading are usually deferred until after leave to amend is granted and the amended pleading filed. See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988); SAES Getters, 219 F.Supp.2d at 1086; Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 539 (N.D. Cal. 2003); see also *Schwarzer, Cal. Practice Guide: Fed. Civ. Pro. Before Trial* at 8:422. Before discovery concludes, however, a proposed amendment is "futile" only if no set of facts can be proved under the amendment which would constitute a valid claim or defense. Rykoff-Sexton, 845 F.2d at 214 (holding that Courts should determine the legal sufficiency of a proposed amendment using the same standards as applied in a Rule 12(b)(6) motion).

The issue of personal jurisdiction appears to be somewhat complex here, and is dependent on the jurisdictional facts pertinent to each defendant. The Court concludes that it is more appropriate to address such challenges after the amended pleading is filed. See Swartz v. KPMN LLP, 476 F.3d 756, 764-765 (9th Cir. 2007). Accordingly, the Court finds that TowHaul's

allegations are sufficient at this stage to permit amendment to join the four alleged individual Defendants.

### 3. Dilatory Motive

Leave to amend may be denied if the Court determines that the amendment is interposed solely for dilatory motive. Defendants argue that because TowHaul fails to "raise facts which may establish personal liability," its motion for leave to amend should be denied because of TowHaul's "motive" or "bad faith". The Court does not agree.

To oppose a motion for leave to amend on such grounds, "a party must show 'sharp practice' tactics such as, for example, seeking to add a defendant merely to destroy diversity jurisdiction." SAES Getters, 219 F.Supp.2d at 1095. Defendants argue that TowHaul's amendment fails to state a claim or right to relief, but does not establish that TowHaul has acted in bad faith or with dilatory motive in filing its present motion. Defendants' argument is better suited to a motion to dismiss after the amendment is filed. See Rykoff-Sexton, 845 F.2d at 214 (holding that while Courts will determine the legal sufficiency of a proposed amendment using the same standards as applied on a Rule 12(b)(6) motion, such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend). The Court finds no bad faith, nor dilatory motive, on the part of either side to the litigation.

### 4. Prejudice

Prejudice is the "touchstone of the inquiry under rule 15(a)." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). When opposing a motion for leave to amend on the basis of undue prejudice, "the showing of prejudice must be substantial." SAES Getters, 219 F.Supp.2d at 1094.

In support of their prejudice argument, Defendants contend that the new individual Defendants may be forced to obtain separate counsel and file separate answers and jurisdictional briefs. *Def.s' Response Brief* at 5-6. This argument, however, only addresses the potential prejudice to the newly proposed individual Defendants, not the current Defendants. Defendants fail to demonstrate any "substantial" prejudice they may suffer.

The Court recognizes that TowHaul's amendment will add additional parties to this case. The Court does not believe, however, that this addition will prejudice Defendants. TowHaul's motion was not brought late in the litigation, discovery has not been completed, nor has a schedule been put in place, and thus there will be little delay of pretrial proceedings. See e.g., Solomon v. North American Life & Cas. Ins. Co., 151 F.3d 1132, 1139 (9th Cir. 1998) (holding that a motion to amend "on the eve of the discovery deadline" was properly denied because it would have required reopening discovery, thus delaying proceedings). Therefore, the Court finds that Defendants will not be prejudiced

-8-

by the granting of TowHaul's motion.

Based on the foregoing, the Court will grant TowHaul's motion for leave to file its First Amended Complaint.

## II.  **DEFENDANTS' MOTION TO CONTINUE HEARING**

In the event the Court grants TowHaul's motion for leave to file its First Amended Complaint, Defendants seek a continuance of the jurisdiction hearing set for March 28, 2007, until after the new Defendants have filed their answers and jurisdiction briefs.  *Def.s' Brief* at 2.  They contend that "[s]uch a continuation would be logically more efficient by eliminating multiple jurisdiction hearings and addressing all jurisdiction issues at once."  Id.

TowHaul opposes this motion.  See *Court's Doc. No. 29*. TowHaul contends that the motion to continue "seeks an undue and unnecessary delay in these proceedings."  *TowHaul's Response Brief* at 2.  It asserts that the delay proposed by Defendants will cause TowHaul to suffer undue prejudice.  Id. at 4.  TowHaul argues that "the principle of a just and speedy determination of personal jurisdiction over the original Defendants will best be served by proceeding with the March 28, 2007[,] hearing[.]"  Id.

A court's decision regarding a continuance is given great deference.  See Danjaq LLC v. Sony Corp., 263 F.3d 942, 961 (9th Cir. 2001).  It is the Court's inherent power to "control the disposition of the causes on its docket with economy of time and

effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936); see also Yong v. INS, 208 F.3d 1116, 1119 (9th Cir. 2000) (holding that a court has the inherent authority to control its own docket and calendar).

TowHaul argues that Defendants' motion to dismiss has been pending since October 20, 2006, and any continuance of the hearing is unnecessary and prejudicial. TowHaul is somewhat inconsistent in arguing prejudice and delay in connection with the motion to continue the hearing, but not acknowledging delays with respect to the motion to amend the complaint.

The March 28th hearing relates to Defendants' motion to dismiss TowHaul's original complaint. With the granting of TowHaul's motion for leave to file its First Amended Complaint, the amended complaint, once served upon Defendants, will supersede the original. See Doe v. Unocal Corp., 27 F.Supp.2d 1174, 1180, *aff'd* 248 F.3d 915, 920 (9th Cir. 2001). Accordingly, Defendants will be required to respond to the First Amended Complaint, and raise any challenges thereto.

It would not be an efficient use of the Court's, counsels', or the litigant's time and resources to hear a motion relating to a complaint that will soon be superseded. Accordingly, the Court will grant Defendants' motion to the extent it seeks to vacate the March 28th hearing. The Court will also recommend that

Defendants' motion to dismiss be denied with leave to renew. Once TowHaul's First Amended Complaint is filed and served, Defendants may renew their motion and, if appropriate, rely on prior briefing.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

(1) TowHaul's Motion for Leave to File First Amended Complaint (*Court's Doc. No. 21*) is **GRANTED**. On or before **March 21, 2007**, TowHaul shall file its First Amended Complaint.

(2) Defendants' motion to continue the jurisdiction hearing set for March 28, 2007, (*Court's Doc. No. 25)* is **GRANTED in part**. The hearing set on Defendants' motion to dismiss set for March 28, 2007, is **VACATED**.

(3) The Court hereby enters the following:

### RECOMMENDATION

Defendants' motion to dismiss for lack of personal jurisdiction (*Court's Doc. No. 6*) should be **DENIED** with leave to renew. If the motion is renewed, and no new issues need to be addressed, the parties should be permitted to rely on their prior briefs.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed within ten

-11-

(10) days after receipt hereof, or objection is waived.

DONE and DATED this 15th day of March, 2007.

                                               **/S/** Carolyn S. Ostby
                                               Carolyn S. Ostby
                                               United States Magistrate Judge